## THE BOARD OF SUPERVISORS OF KINGS COUNTY, RESPONDENT, v. THE SEA VIEW RAILWAY COMPANY OF CONEY ISLAND, APPELLANT.

*Kings county—cannot restrain the construction of an elevated railroad over the Parkway to the Concourse.*

The fee of the Parkway leading to, and the road adjoining the Concourse, constructed by the park commissioners of the city of Brooklyn, under chapter 583 of 1874, as amended by chapter 489 of 1875, was not vested, by the said acts, in the county of Kings, but remained in the former owners, and the county of Kings cannot maintain an action to restrain the construction of an elevated railroad across it, on the ground of its ownership of the fee therein, or on the ground that the railroad will frighten teams and diminish the value of the adjoining lots, which are to be assessed to reimburse the county for the moneys borrowed by it by the issue of bonds, for the purpose of paying the cost of the improvements made under the said acts.

APPEAL from an order sustaining an injunction *pendente lite*, to restrain the defendant from entering upon Ocean Parkway and digging up the same, or the court-yards on either side thereof, for the purpose of constructing a railroad on, over, or across said Ocean Parkway, and from interfering with the same for any such purpose.

The defendants, organized under chapter 697 of the Laws of 1866, an act supplementary to the General Railroad Act, threaten to construct and build an elevated railroad across said Ocean Parkway, about seven hundred feet north of the Concourse, by erecting posts or columns and abutments in said Ocean Parkway, upon which said railroad is to be built, without the consent of the park commissioners, and without complying with the provisions of chapter 609 of the Laws of 1871, which provides for the necessary

co-operation of the State engineer and surveyor in certain cases, as a condition precedent to the construction of a road over this and other avenues in Kings county. Ocean Parkway, in connection with Prospect Park at one extremity, and the Concourse at the other, was laid out and constructed by the park commissioners under certain acts of the legislature, and is placed by law under their immediate control.

The county of Kings issued bonds for its construction, which bonds are now outstanding unpaid. The law authorizes the county to reimburse itself from an assessment laid upon the adjoining property. The complaint alleged that the construction of this railroad as proposed will impair the ability of the county to reimburse itself for this outlay, and destroy the usefulness of this avenue for the purposes intended.

*E. M. Cullen* and *Jesse Johnson,* for the appellant.

*Winchester Britton,* for the respondent.

Dykman, J. :

An obstruction to a public highway is a nuisance and a wrong, to be redressed by an appropriate proceeding instituted by sovereign power. By the common law of England no person or corporation could have an action for a public nuisance. The king only could abate the wrong, as Blackstone has it, in his public capacity of supreme governor and *pater familias* of the kingdom. (3 Blackstone, 219.) With us the same rule is prevalent, and on it has been engrafted the same exception that, to enable an individual or corporation to maintain such action, they must sustain some special damage beyond the theoretical injury to the whole public. (*Pierce* v. *Dart,* 7 Cow., 609 ; *Lansing* v. *Smith,* 8 Id., 146.) Ocean Parkway is a public highway, laid out and improved, in pursuance of legislative provision, by the park commissioners of the city of Brooklyn. Part of the expense of opening and improving this thoroughfare is required to be charged and assessed against the county of Kings, and paid by its county treasurer, on the certificate of the park commissioners, and the other part is to be apportioned and assessed upon the property deemed benefited by the

improvement. All the money required to be furnished in the first instance is to be raised by the sale of certificates of indebtedness of the county of Kings, payable in ten years from their date. Then the board of supervisors of the county is to make annual provision by tax for the payment of interest on these certificates; and so much of them as shall be chargeable against the parcels of property assessed is to be levied thereon as part of the general tax for the improvement; and in the year preceding the maturity of the certificates the amount of any assessment remaining unpaid, with the accrued interest, must form a part of and be levied and assessed upon the property chargeable with said assessment, as part of the general tax upon the lands for the general expenses of the county. (Law of 1875, ch. 489, p. 569.) The subsequent maintenance of the avenue, after its construction, is a charge on the city of Brooklyn.

The highway has been constructed and the expense thereof discharged by the sale of the certificates to the extent of about $100,000, and now the board of supervisors has commenced this action in equity to prevent and enjoin the construction of an elevated railroad across this way.

Has the plaintiff standing, within the exception to the general rule of law above noticed. We must see. This Parkway is part of a scheme of improvement provided for by chapter 583 of the Laws of 1874, as amended by chapter 489 of the Laws of 1875; another portion of which was the construction of a shore road three thousand feet long and one thousand feet wide, called a Concourse, and also a road one hundred feet wide; and the provision is that the title to the Concourse shall vest in the county of Kings in fee simple absolute. No provision of the law indicates that the fee of the land appropriated for this Parkway or for the one-hundred-foot road was taken from the owners or was to vest in the county of Kings. Neither is there any inconsistency in the use of this land for the Parkway, and the retention of the fee by the original owners; and while it was entirely competent for the legislature to provide for taking the fee of the land appropriated, and divesting the owners of all proprietary interest therein, yet to accomplish that purpose it was necessary plainly to declare an intention so to do, and "an easement only would be taken unless the statute plainly

contemplated and provided for the appropriation of a larger interest." (Cooley Const. Lim., 559.) Strict construction is required of statutes in derogation of the right of property. So that while the legislature, in the exercise of the right of eminent domain, may adjudge that the extinguishment of the owner's title is required by the public use, yet such adjudication must be made plainly to appear, not necessarily by express words, but either by language or necessary implication. In this law we have neither.

To show that special damage will come to the county of Kings, from the construction of this bridge, an allegation is inserted in the complaint, that it will greatly impair the value of the land along the Parkway, which is to be assessed for the improvement, and render the same insufficient in value to reimburse the county. In view, however, of the provision for the provision made for ultimate payment of the certificates of indebtedness, issued by the county by a general tax, this anticipated mischief does not bestow any special right nor prove any special injury.

The frightening of teams, and the causing of accidents, and the diminution in the value of lots, and rendering them undesirable for residences and country seats, are theoretical evils, shared by the whole public, and give no peculiar rights to the county of Kings, or its board of supervisors.

Even if all this were otherwise, and the provision was that the county of Kings should pay the whole expense of this improvement, no private right would be thereby acquired. Throughout the state, the county highways constructed under the general statutes, are paid for by tax imposed upon the towns, and yet the towns do not own them and have no control over them, and can maintain no action to prevent or remove obstruction in them.

Our conclusion is that this action cannot be maintained by the plaintiff, and we do not therefore pass upon the other question involved.

The order appealed from must be reversed, with costs and disbursements.

GILBERT, J., concurred; BARNARD, P. J., not sitting.

Order reversed, with costs and disbursements.